UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 26-20398-CV

ANTHONY JOHN,

      Plaintiff,

v.

NCL (BAHAMAS) LTD.,
A BERMUDA COMPANY,

      Defendant.

_____/

## COMPLAINT

Plaintiff sues NCL (BAHAMAS) LTD., and alleges:

## PRELIMINARY ALLEGATIONS

1. The Plaintiff, ANTHONY JOHN, is a citizen of the State of New York and is otherwise *sui juris*.

2. Defendant, NCL (BAHAMAS) LTD., (hereinafter "NCL"), is a foreign entity incorporated in Bermuda with its principal place of business in Miami, Florida.

3. Damages in this case are greater than $75,000.00, exclusive of interests, costs, and fees.

4. This Court has subject matter jurisdiction over this case under diversity jurisdiction, 28 U.S.C. § 1332. Alternatively, the court has subject matter jurisdiction under 28 USC § 1333.

5. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

- 1 -

c.  Operated vessels in the waters of this state;

d.  Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

f.  Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Norwegian Escape*.

6.  Defendant is subject to the jurisdiction of the courts of this state.

7.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

8.  At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, the *Norwegian Escape.*

9.  At all times material hereto, Defendant had exclusive custody and control of the *Norwegian Escape.*

10. Defendant directly participated in and approved of the manner of ingress and egress to the ship, including port stations/docks/piers like those in Costa Maya, Mexico.

11. Defendant established internal standards for safety and warnings regarding disembarking and re-embarking passengers. The internal standards include acclimations made for weather, including safety devices, crew, and warnings. Upon information and belief, these internal standards were created and/or approved of by Defendant.

- 2 -

12. Defendant is aware that many accidents happen when passengers board or disembark a ship. As a result, stringent standards are necessary to provide a reasonably safe atmosphere to prevent injuries.

13. On or about January 27, 2025, the Plaintiff was a paying passenger aboard the *Norwegian Escape*, that was docked in Costa Maya, Mexico.

14. NCL disembarked passengers to Costa Maya in the morning with full knowledge that the weather and sea state were going to get worse as the day progressed.  When Plaintiff returned to the pier to board the vessel, the seas were very rough.  Waves were crashing underneath the pier where passengers were walking.  There were ports in the pier that created fall hazards.  The defendant was aware of the hazard and sought to remedy it by covering the ports with jersey barriers.  Unfortunately, the crashing seas caused a jersey barrier to be flung into the air, crashing onto the Plaintiff as he attempted to board the vessel.



## <u>COUNT I – NEGLIGENCE</u>

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fourteen (14) as though alleged originally herein, and further alleges:

15. At all times material hereto, the Defendant had a duty to provide Plaintiff with reasonable care under the circumstances.  Further, cruise lines like the Defendant owe a duty to warn their passengers of known for foreseeable dangers where its passengers are expected to go.  This is particularly true of dangers that are not open and obvious.

16. On or about January 27, 2025, Defendant and/or its agents, servants and/or employees breached its duty to Plaintiff through the following acts and/or omissions:

   a.  Failure to warn of a known hazard in the area caused by the rough seas and jersey barriers; and/or

   b.  Failure to adequately secure the jersey barriers to the ground; and/or

   c.  Failure to post signs regarding the propensity of flying objects on the pier; and/or

   d.  Failure to design, implement, install, and/or maintain a pier that did not create a hazard for passengers; and/or

   e.  Failure to adequately verbally warn and/or place warning signs on or around the area; and/or

   f.  Failure to station crew in a known hazardous area to either ameliorate the hazard and/or warn passengers; and/or

   g.  Failure to design, implement, and/or enforce policies and procedures designed to decrease known risks to passengers such as the one described in this complaint; and/or

   h.  Failure to adequately train crewmembers in safe practices to avoid foreseeable risks such as the one described in this complaint; and/or

   i.  Failure to adequately inspect and/or maintain the pier; and/or

   j.  Plaintiff reserves his right to amend the alleged breaches based upon facts learned in discovery.

17. The above acts and/or omissions were the factual and proximate cause Plaintiff's injuries.  If Defendant did not commit the breaches above, Plaintiff would not have been injured.

18. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident because the Defendant created same.  Further, the Defendant knew this condition was dangerous because of substantially similar incidents that have taken place on prior visits to this port.  This knowledge was also available to the crewmembers stationed on or around the dock during the day when conditions got worse.

19. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, loss of future earning capacity, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands a trial for all damages recoverable under the law.

**MORALES & FRESHMAN**
Attorneys for Plaintiff
9100 S. Dadeland Blvd, Ste 908
Miami, Florida 33156
Phone: (305) 670-1400
Fax:    (305) 670-1410
By:   /s/   Eric C. Morales
Fla. Bar No.: 91875
Primary E-Mail: emorales@fft-law.com

- 6 -

Secondary E-Mail: lgrammes@fft-law.com

Dated: January 27, 2026